D. B. McMAHON ET AL. V. STATE OF NEBRASKA.

FILED JANUARY 6, 1904. No. 13,242.

1. Game Laws: MISDEMEANOR: EVIDENCE. The law does not recognize the distinction between principals and accessories in misdemeanors; so that where the evidence shows that a defendant was one of a party engaged in a common unlawful enterprise—that of shooting game in the closed season—it is sufficient upon which to base a conviction of such defendant upon the charge of having in his possession game protected by the statute, although the game when taken is shown to have been in a buggy not occupied or being driven by the defendant.

2. ——: PENALTY. The law not recognizing the distinction between principals and accessories in misdemeanors, it is not error to impose a fine of $5 against each of several defendants, who composed a party in whose possession a number of prairie chickens were found, for every chicken so found.

3. ——: ——: CONSTITUTIONALITY. A large discretion is vested in the legislature in the fixing of penalties designed to prevent the commission of certain prohibited acts; and a penalty imposed by statute will not be held unconstitutional as excessive, unless it is so excessive as to shock the sense of mankind.

4. ——: ——: ——. A penalty of $5 for each prairie chicken found in possession or under the control of the defendant during the closed season, held not excessive in a constitutional sense.

5. Laws: CONSTITUTIONALITY. It is not a violation of the provision of the constitution, inhibiting the incorporation in the title of an

act of more than one subject, for the legislature to provide in one act for the protection of fish, fowl and quadrupeds under the general denomination of game.

6. **Evidence.**    Evidence examined, and *held* sufficient to sustain the judgment.

ERROR to the district court for Boone county: JOHN R. THOMPSON, JUDGE.    *Affirmed.*

*Henry C. Vail* and *S. S. McAllister,* for plaintiffs in error.

*Frank N. Prout, Attorney General, Norris Brown* and *C. E. Spear,* for the state.

KIRKPATRICK, C.

This is a proceeding in error prosecuted from a judgment of the district court for Boone county by D. B. McMahon, W. E. Harvey and P. E. McKillop, who were convicted of having in their possession, contrary to law, certain prairie chickens during the closed season.    It is contended first, that the judgment is not sustained by sufficient evidence; second, the defendants were found jointly guilty of having in their possession five prairie chickens, and the court imposed a fine of $25 against each defendant, making $75 in all, and it is claimed this fine is excessive; third, it is contended that the act under which the conviction was had violates that portion of the constitution which provides, "all penalties shall be proportioned to the nature of the offense"; fourth, that the act is unconstitutional, in that it contravenes the constitutional provision that no act shall contain more than one subject, which shall be clearly expressed in the title; fifth, that the act is in violation of section 26, article V, which declares, "No other executive state officer shall be continued or created, and the duties now developing upon officers not provided for by this constitution shall be performed by the officers herein created."

These objections, so far as necessary, will be considered

in their order. It is disclosed by the record 'that the deputy game warden came upon the plaintiffs in error in Boone county, while they were engaged in shooting chickens. While still some distance away from them, he saw three men shooting, and saw some prairie chickens fall, and upon coming up to the party he found three guns in possession of the party and five prairie chickens in one of the buggies. It seems that two other persons were present in the party besides plaintiffs in error, and that they had two buggies. One of the men in the party seems to have been a man residing in the neighborhood, who departed on foot. The others took their departure in the buggies. All of the chickens were found in the buggy occupied by plaintiffs in error McMahon and Harvey. No testimony was offered by any of the plaintiffs in error, and it was upon the testimony of the deputy game warden that the conviction was had. We have examined the testimony carefully and are of the opinion that it is sufficient to sustain the judgment. There can be no possible question as to McMahon and Harvey, and as to McKillop, there is no question that he was present in the party, and was engaged with the other parties in the unlawful hunting of the chickens. We do not think that the mere circumstance that he was not in the buggy in which the game was found is sufficient to exculpate him. "Possession," as stated in *Redfield v. Utica & Syracuse R. Co.*, 25 Barb. (N. Y.) 54, "is the detention or enjoyment of a thing which a man holds or exercises by himself, or by another who keeps or exercises it in his name." To the same effect is *State v. Washburn*, 11 Ia. 245. In offenses of this grade, the law does not distinguish between principals and accessories, and all who participated in any degree are alike guilty. *Wagner v. State*, 43 Neb. 1. The evidence can not be said to be insufficient to convict McKillop.

A fine of $5 was imposed upon each defendant for each of the five chickens found, and it is contended that this is excessive. The settled rule, as we understand, is that, where two or more persons concur in the commission of an

offense, then each offender is liable to a separate punishment.  *Curtis v. Hurlburt,* 2 Conn. 309.  The distinction between principal and accessory not being recognized in this grade of offense, each defendant is, in legal contemplation, found guilty of having in his possession, contrary to law, 5 chickens, and accordingly a fine of $25 against each is not excessive.

We do not think the objection that the act, in providing for a fine of $5 for each chicken, violates the constitutional provision against excessive fines.  The fixing of penalties for the violation of statutes is primarily a legislative function, and the courts hesitate to interfere, unless the fine provided for is so far excessive as to shock the sense of mankind.  In *Southern Express Co. v. Walker,* 92 Va. 59, as also in *State v. Rodman,* 58 Minn. 393, and in *State v. De Lano,* 80 Wis. 259, this rule is adhered to.  In Minnesota, an offense like that under consideration, in addition to a fine, was punishable by a sentence to the county jail for not less than 10 or more than 30 days for each bird found in possession or under control of the defendant. Discussing the question in *State v. Rodman, supra,* the court said:

"While the fines imposed are certainly large, yet we can not say that they are excessive in a constitutional sense. A large discretion is necessarily vested in the legislature to impose penalties sufficient to prevent the commission of an offense, and it would have to be an extreme case to warrant the courts in holding that the constitutional limit had been transcended."

It is next contended that the act is violative of the constitution in that the title contains more than one subject, namely, first, the protection of game, by which is understood quadrupeds; second, the protection of song, insectivorous and other birds.  Or, in other words, "song and insectivorous birds, and "deer having horns and antelope having horns" are not cognate subjects.  A careful consideration of this objection has led us to the conclusion that it is without merit.  It is manifest to us that the

single subject of this act is the protection of game, and that with this central idea before it, the legislature could constitutionally legislate in one act with reference to all those creatures which are customarily pursued by man for amusement or profit. The word game is comprehensive, and it appears to have been used by the legislature, and will readily be understood by the public, as including beasts, fowl and fish.

It is finally urged that the act creates a new executive office, and is thereby in violation of the constitutional provision in that regard. The question here raised is identical with that passed upon and settled by this court in many prior decisions. *State v. Eskew,* 64 Neb. 600; *Merrill v. State,* 65 Neb. 509. We do not think that a reexamination of the question is called for at this time. It is recommended that the judgment be affirmed.

DUFFIE and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.