STATE OF NEBRASKA, APPELLEE, V. HUBERT R. ETCHISON, APPELLANT.

211 N. W. 2d 405

Filed October 19, 1973.    No. 38903.

Riedmann, Welsh & Jeffries, for appellant.

Clarence A. H. Meyer, Attorney General, and Betsy G. Berger, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

Defendant, Hubert R. Etchison, was found guilty of fleeing in a motor vehicle in an effort to avoid arrest, and was sentenced to 18 months imprisonment in the Nebraska Penal and Correctional Complex. We affirm.

The information filed against defendant on April 5, 1972, contained two counts: Count I charged operation of a motor vehicle while under the influence of alcoholic liquor; and count II charged the offense upon which defendant was convicted and sentenced herein by the District Court for Sarpy County.

Defendant was arrested on December 13, 1971, and charged in county court with drunken driving and motor vehicle flight to avoid arrest. He was found guilty on the first count, sentenced to 30 days in jail, and bound over to the District Court on the second count. Defendant failed to perfect an appeal from his conviction for driving while intoxicated. When he appeared for trial in the District Court on October 4, 1972, the judge struck count I of the information upon which defendant had already been tried and convicted, and remanded him to the custody of the sheriff to carry out the sentence imposed by the county judge. Defendant waived his right to a jury trial on the remaining count and was tried by the court on October 19 and 20, 1972.

The evidence would indicate that defendant's automobile was observed by the occupants of a Sarpy county sheriff's patrol car heading west on State Highway No. 370 at a high rate of speed. They pursued and stopped it and informed defendant that he was under arrest for drunken driving. Defendant then pulled away from the scene and a chase ensued through the Golden Hills area of Sarpy county, then easterly on highway No. 370, and finally northerly on U. S. Highway Nos. 73-75, where, with the assistance of two Bellevue police cruisers, defendant was stopped.

Defendant makes three assignments of error: First, the court erred in failing to quash the information for

the reason that it did not state facts sufficient to constitute an offense; second, the court erred in overruling defendant's motion to dismiss, for the reason that section 60-430.07, R. R. S. 1943, is unconstitutional; and, third, the court erred in overruling defendant's motion for a new trial. From defendant's brief his third assignment of error is predicated on the first two, so those are the ones we consider.

Under section 29-1812, R. R. S. 1943, a defendant who pleads to the general issue waives all defects which might have been attacked by a motion to quash. This statute has long been interpreted to include the situation where a plea is entered for the defendant by the court. Trimble v. State (1901), 61 Neb. 604, 85 N. W. 844; Huette v. State (1910), 87 Neb. 798, 128 N. W. 519. The applicable rule is that defects which might have been attacked by motion to quash or plea in abatement are waived when defendant pleads to the general issue, or when such a plea is entered for him by the court. Trimble v. State, *supra;* Huette v. State, *supra.*

Although the information was filed herein on April 5, 1972, trial did not commence until October 19, 1972. Defendant was represented by counsel during this period. A plea of not guilty was entered on behalf of the defendant by the court on September 8, 1972. Defendant's motion to quash was not made until October 19, 1972, the first day of the trial, and it was denied by the court on that date. The motion to quash was filed without leave of court while the plea of not guilty was upon the record. Defendant at no time requested leave of the court to withdraw the plea to the general issue. Under such circumstances, the motion to quash was properly denied. Even if defendant had timely filed his motion there would remain serious questions concerning whether it sufficiently raises the particular objections argued in the brief. These are points we need not decide.

Defendant, in his second assignment of error, contends

that section 60-430.07, R. R. S. 1943, is so vague, indefinite, and uncertain as to be unconstitutional. This statute was adopted when we declared its predecessor, section 60-430.02, R. S. Supp., 1965, unconstitutional. The present statute eliminates the language objected to in Heywood v. Brainard (1967), 181 Neb. 294, 147 N. W. 2d 772. It is obvious from reading Heywood that we had no question as to the constitutionality of the language now objected to by the defendant: " 'It shall be unlawful for any person operating any motor vehicle to flee in such vehicle in an effort to avoid arrest for violating any law of this state.' " This is the only part of the statute defining the offense. The subsequent language deals solely with the statute's penal provisions. The statute in its present form is not vague, indefinite, or uncertain. It clearly specifies the elements of the offense. No one should be misled by it. To be guilty the accused must be fleeing in a motor vehicle in an effort to avoid arrest for violating some law of this state.

Defendant next attacks the statute as contravening the state and federal constitutional provisions against cruel and unusual punishment. These constitutional provisions were intended to prohibit torture and agonizing punishment, and do not abridge the power of the Legislature to select such penalties as it deems most effective in the suppression of crime. State v. Tucker (1968), 183 Neb. 577, 162 N. W. 2d 774. The fixing of criminal penalties is primarily a legislative function and courts will not interfere except in those cases where the punishment is so far excessive as to shock the sense of mankind. McMahon v. State (1904), 70 Neb. 722, 97 N. W. 1035. The maximum imprisonment provided by this statute is not less than 1 year nor more than 3 years in the Nebraska Penal and Correctional Complex. We hold that this does not constitute cruel or unusual punishment.

The penal provisions of section 60-430.07, R. R. S. 1943, give substantial discretion to the sentencing judge.

The possible punishments range from a minimum of a $500 fine to the maximum set out above. It is axiomatic that the Legislature may make motor vehicle flight to avoid arrest a felony and provide a range of penalties graduated to the seriousness of the offense. Here, the Legislature placed discretion in the trial judge to impose penalties within the limits set by it, depending upon the individual characteristics of the offender, and the factors which mitigate or aggravate the gravity of the offense. This is the prevailing norm of sentencing theory. All sentences imposed by the trial judge are, of course, subject to appellate review for an abuse of discretion.

At the time of the occurrence of this offense the defendant had on appeal to this court his conviction for failing to stop after being involved in an accident resulting in personal injuries. There, we set aside the sentence and remanded the cause to the trial court with instructions to place the defendant on probation. See State v. Etchison (1972), 188 Neb. 134, 195 N. W. 2d 498. Under the circumstances of the present case, we cannot say that the sentence imposed is an abuse of discretion.

The judgment is affirmed.

AFFIRMED.

McCOWN, J., dissenting as to sentence.

This is another case in which it might well be said that the punishment does not fit the crime, although it may well fit the defendant! Eighteen months in the penitentiary for fleeing to avoid arrest for driving while under the influence of alcoholic liquor is in sharp contrast with the 30 days in jail which the defendant received on the conviction for the original offense itself. There is no showing as to any other traffic charges filed or the penalties received as a result of the facts involved in this case. The record reveals that the defendant had been previously convicted for a traffic offense of a different kind which was also a felony for

which this court later directed probation. Neither the probation violation nor the penalty for it are directly involved here. The defendant's record does not justify any leniency as to him but the nature of the crime raises issues as to the extent of punishment apparently authorized.

The attention of the Legislature ought to be drawn to the provisions of section 60-430.07, R. R. S. 1943, the statute involved here. That statute was presumably intended as an additional weapon in the enforcement of motor vehicle traffic laws. It applies to flight in a motor vehicle to avoid arrest for violating "any law of this state." It seems obvious that the evil aimed at by the Legislature would be better dealt with in more specific terms than the broad generality of "any law of this state." It seems equally apparent that the penalties provided have no specified relationship to the nature or seriousness of the violation which initiated the flight. It should not be assumed that the Legislature specifically intended to authorize or approve a punishment of 3 years imprisonment in the penitentiary for the crime of fleeing in a motor vehicle in an effort to avoid arrest for a traffic violation. The facts suggest the advisability of legislative review.