STATE OF NEBRASKA, APPELLANT, V. DORIS FREY, APPELLEE.

357 N.W.2d 216

Filed October 26, 1984.   No. 84-371.

Michael G. Heavican, Lancaster County Attorney, and David W. Stempson, for appellant.

Jerry Soucie of Rehm & Bartling, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ., and COLWELL, D.J., Retired.

CAPORALE, J.

Pursuant to leave, the State has appealed under the provisions of Neb. Rev. Stat. § 29-2315.01 (Cum. Supp. 1984), taking exception to the sustainment by the district court of the motion of defendant, Doris Frey, to quash the information charging her with abusing an incompetent or disabled person, on the ground that Neb. Rev. Stat. § 28-708 (Cum. Supp. 1984) is unconstitutionally vague. We sustain the exception and remand the cause for further proceedings.

The State's operative information charges that on or about October 6, 1983, Frey, while in Lancaster County, Nebraska, committed manslaughter in violation of Neb. Rev. Stat. § 28-305(1) (Reissue 1979), in that she did

unintentionally and without malice kill Eva Caves while the defendant, Doris Frey, was in the commission of an unlawful act, to-wit: while the defendant and Eva Caves were living together at the residence owned by Eva Caves

at 5025 Martin Street, Lincoln, Lancaster County, Nebraska, the defendant did knowingly and intentionally cause or permit an incompetent person or a disabled person, Eva Caves, to be placed in a situation that endangered her life or health or cruelly confined said person or deprived said person of necessary food, or care.

The unlawful act complained of is found in the statute which the district court decided was unconstitutional. That statute, § 28-708, reads as follows:

(1) A person commits abuse of an incompetent or disabled person if he or she knowingly, intentionally, or negligently causes or permits an incompetent person or a disabled person to be:

(a) Placed in a situation that endangers his or her life or health; or

(b) Cruelly confined or cruelly punished; or

(c) Deprived of necessary food, clothing, shelter, or care.

(2) The statutory privilege between patient and physician and between husband and wife shall not be available for excluding or refusing testimony in any prosecution for a violation of this section.

(3) Abuse of an incompetent or disabled person is a Class I misdemeanor if the offense is committed negligently.

(4) Abuse of an incompetent or disabled person is a Class IV felony if the offense is committed knowingly and intentionally.

Our analysis must first speak to the State's contention that, given the posture of the record, Frey lacks standing to challenge the constitutionality of § 28-708.

A statute may be constitutionally infirm by reason of being vague, or because it is overbroad.

A statute is vague if its prohibitions are not clearly defined. The standards for evaluating vagueness were stated by the U.S. Supreme Court in *Grayned v. City of Rockford*, 408 U.S. 104, 108-09, 92 S. Ct. 2294, 33 L. Ed. 2d 222 (1972):

Vague laws offend several important values. First, because we assume that man is free to steer between lawful

and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory applications.

(Footnotes omitted.) For a recent application of the concept of vagueness by this court, see *State v. Hamilton*, 215 Neb. 694, 340 N.W.2d 397 (1983). We held therein that a statute attempting to prohibit the making of a threat to commit a crime "likely to" result in a variety of consequences to another was unconstitutional as vague because it left uncertain what constituted a threat.

Moreover, an enactment which is clear and precise, and therefore not vague, may nonetheless fail to pass constitutional muster by virtue of being overbroad in the sense that it prohibits the exercise of constitutionally protected conduct, such as the exercise of first amendment rights. *Zwickler v. Koota*, 389 U.S. 241, 88 S. Ct. 391, 19 L. Ed. 2d 444 (1967); *Dandridge v. Williams*, 397 U.S. 471, 90 S. Ct. 1153, 25 L. Ed. 2d 491 (1970), *reh'g denied* 398 U.S. 914, 90 S. Ct. 1684, 26 L. Ed. 2d 80.

*Hoffman Estates v. Flipside, Hoffman Estates*, 455 U.S. 489, 102 S. Ct. 1186, 71 L. Ed. 2d 362 (1982), teaches that in a facial challenge to the overbreadth and vagueness of a law, that is, in this context, a claim that the law is invalid in toto and therefore incapable of any valid application, our first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct. If it does not, then the overbreadth challenge must fail. We are to then examine the facial vagueness challenge and, assuming the enactment implicates no constitutionally protected conduct, uphold the challenge only if the enactment is impermissibly vague in all its applications. In order to have standing to challenge a vague statute, one must not have engaged in conduct which is clearly

proscribed by the statute, and cannot complain of the vagueness of the law as applied to the conduct of others. We should therefore examine Frey's conduct before analyzing other hypothetical applications of the law. See, also, *United States v. Mazurie*, 419 U.S. 544, 95 S. Ct. 710, 42 L. Ed. 2d 706 (1975); *State v. Sprague*, 213 Neb. 581, 330 N.W.2d 739 (1983).

An examination of § 28-708 reveals that it implicates no constitutionally protected conduct. Therefore, any overbreadth challenge fails.

The difficulty with completing the second step in the constitutional analysis, determining whether § 28-708 is impermissibly vague, is that the record is devoid of any facts which would tell us whether Frey's conduct was clearly proscribed by the statute. Consequently, we are unable to determine whether Frey has standing to attack the constitutionality of § 28-708. We have held in several civil cases that absent facts in the record which establish standing, no standing exists. See, *Hall v. Cox Cable of Omaha, Inc.*, 212 Neb. 887, 327 N.W.2d 595 (1982); *West Fort Residents Assn. v. Housing Auth. of City of Omaha*, 205 Neb. 397, 288 N.W.2d 27 (1980); *Stahmer v. Marsh*, 202 Neb. 281, 275 N.W.2d 64 (1979). See, also, *McGowan v. Maryland*, 366 U.S. 420, 81 S. Ct. 1101, 6 L. Ed. 2d 393 (1961); *Harris v. McRae*, 448 U.S. 297, 100 S. Ct. 2671, 65 L. Ed. 2d 784 (1980).

We conclude, in accordance with *Hoffman Estates v. Flipside, Hoffman Estates, supra*, that on this record Frey lacks standing to challenge the constitutionality of § 28-708. That being the case, we do not reach the constitutional issues argued by Frey.

Frey not having been placed in jeopardy, see, *Tibbs v. Florida*, 457 U.S. 31, 102 S. Ct. 2211, 72 L. Ed. 2d 652 (1982), *Burks v. United States*, 437 U.S. 1, 98 S. Ct. 2141, 57 L. Ed. 2d 1 (1978), *State v. Munn*, 212 Neb. 265, 322 N.W.2d 429 (1982), and *Skinner v. Jensen*, 178 Neb. 733, 135 N.W.2d 134 (1965), we remand, pursuant to the provisions of Neb. Rev. Stat. § 29-2316 (Reissue 1979), for further proceedings.

EXCEPTION SUSTAINED, AND CAUSE REMANDED
FOR FURTHER PROCEEDINGS.