STATE OF NEBRASKA, APPELLEE, V. LAVERNE H. MEINTS, APPELLANT.

388 N.W.2d 813

Filed June 20, 1986.   Nos. 85-208, 85-209.

Laverne H. Meints, pro se.

Robert M. Spire, Attorney General, and Jill Gradwohl, for appellee.

BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

Following a bench trial in the county court, defendant-appellant, Laverne H. Meints, was convicted of operating a motor vehicle without an operator's license, in violation of Neb. Rev. Stat. §§ 60-403 and 60-430 (Reissue 1984) (case No. 85-208), and of failing to appear as commanded by a citation, in violation of Neb. Rev. Stat. § 29-426 (Reissue 1985) (case No. 85-209). He was thereafter sentenced to pay a fine of $15 and costs on the license charge and to probation for 1 year on the appearance charge. The convictions and sentences were affirmed by the district court. On appeal to this court Meints assigns as errors to the State (which we interpret to mean the courts below) (1) the failure "to properly apply its statute according to the rule of statutory construction, wherein a statute may only be applied to one class of persons," (2) the failure "to make a prima facie case because it failed to establish that Defendant-Appellant was a 'driver', which he was not then and is not now," (3) the damage to "the right of the Defendant-Appellant to liberty by interfering with his right to travel in his private means of conveyance," and (4) the failure to find that the "statute requiring licensing as a 'driver', was made void as unconstitutional, when Plaintiff-Appellee applied it against a native born sovereign travelling as a matter of right." We affirm.

The only records with which we have been provided are the district court transcript of the pleadings, judicial entries, and appeal documents filed in that and the county court in each case.

Those transcripts demonstrate that on May 7, 1984, Meints was issued a citation for operating a motor vehicle without an

operator's license, at which time he agreed to appear in the county court on June 5, 1984. He neither appeared on that date nor at either of the two subsequent hearings scheduled before the county court. He did appear at the fourth scheduled hearing and was thereupon arraigned on the license charge and on the charge of failing to appear in court on June 5, 1984.

Thereafter, Meints appeared for the scheduled trial on each of the charges. At that time he filed in each case a "Notice and Demand to Dismiss for Lack of Jurisdiction," claiming that the court lacked jurisdiction over him because of his status as a sovereign. These pleadings were overruled, and Meints was granted a continuance of the trial date. Meints thereafter filed in each case a "Special Appearance Judicial Notice," which again challenged the jurisdiction of the court, on the grounds that not only was he a sovereign but was an "absolute natural person" as well. The county court overruled those pleadings, after which a trial was had.

Meints' first assignment of error makes no legal sense whatsoever. To the extent his argument concerning it can be comprehended at all, it appears to claim that driving a motor vehicle is an activity which is not subject to regulation by requiring that a driver be licensed. Such a contention is without merit. See, *State v. Michalski*, 221 Neb. 380, 377 N.W.2d 510 (1985); *Bell v. Burson*, 402 U.S. 535, 91 S. Ct. 1586, 29 L. Ed. 2d 90 (1971).

The second assignment of error brings into question the evidence concerning whether Meints was in fact driving when charged with driving without a license. We have recently reaffirmed that where a bill of exceptions is not filed in this court as required by Neb. Ct. R. of Prac. 5C(5) (rev. 1983), the judgment appealed from will be affirmed if the pleadings support the judgment. *Pabst v. First American Distrib., Inc.*, 222 Neb. 591, 386 N.W.2d 422 (1986). No bill of exceptions has been filed with this court. Each of the charges supports the judgment of conviction based thereon and the sentence imposed. Thus, Meints' second assignment of error must be rejected.

The third assignment of error appears to claim that one has an unfettered right to travel by whatever means he or she

chooses. Again, the assertion is legally incorrect. *State v. Michalski, supra.*

The fourth and last assignment of error appears to make a vague claim that the statutes involved are somehow unconstitutional. Generally, this court will not consider a constitutional challenge in the absence of a specification of the constitutional provision which is claimed to be violated. *State ex rel. Douglas v. Schroeder*, 222 Neb. 473, 384 N.W.2d 626 (1986); *State v. Bryant*, 94 Neb. 754, 144 N.W. 804 (1913). Since Meints failed to specify what constitutional language he claims has been violated, we must reject his constitutional challenge.

The judgments of the district court being correct, they are affirmed.

AFFIRMED.

KRIVOSHA, C.J., participating on briefs.