STATE OF NEBRASKA, APPELLEE, V. GARY A. BOCIAN, APPELLANT.
413 N.W.2d 893

Filed October 9, 1987.    No. 86-793.

James Martin Davis, for appellant.

Robert M. Spire, Attorney General, and Laura L. Freppel, for appellee.

BOSLAUGH, C.J., Pro Tem., WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

WHITE, J.

The appellant, Gary A. Bocian, was found guilty by the verdict of a jury of each count of a five-count information. A sixth count was dismissed by the trial court. The charges arose out of two separate purchases of LSD and marijuana on January 31, 1986, and a later seizure after search of a quantity of LSD and marijuana. Both of the controlled substances were sold at each sale. Bocian was sentenced to a term of from 4 to 8 years on each count, to be served concurrently. He appeals.

Three errors are assigned: (1) The trial court erred in giving verbatim NJI 14.34 (entrapment) and thus failing to instruct on its own motion that it was the burden of the State to prove beyond a reasonable doubt that the defendant was predisposed to commit the offenses charged; (2) the trial court erred in submitting to the jury multiple counts of the same offense which were all based on the same act or transaction; and (3) the trial court erred in imposing excessive sentences.

The evidence discloses that a state patrolman, along with one Jack Cary, a cooperating individual (Cary had been previously

arrested for the unlawful sale of methamphetamine), purchased one-half ounce of LSD and two baggies of marijuana from Bocian on January 31, 1986, at approximately 11:30 a.m., and at 8 p.m. purchased another one-half ounce of LSD and two baggies of marijuana. After the second sale Bocian was arrested. A search warrant was secured, and, as a result of the search, two additional plastic bags of LSD and three bags of marijuana were found on his person and a quantity of LSD was found at his residence. Bocian admitted the sales, but contended at trial that he was improperly induced to commit the offenses.

We will deal with the assigned errors in the order argued by the appellant.

The instruction given by the trial court was a verbatim recitation of the pertinent parts of NJI 14.34, and reads as follows:

> The defendant contends that he was improperly induced to commit the unlawful conduct with which he is charged.
>
> If a law enforcement officer induced the defendant to commit an unlawful act, and the defendant would not have committed the act but for the inducement, then the defendant is not criminally responsible for that act.
>
> On the other hand, if a law enforcement officer did not induce the defendant's conduct, because the defendant was predisposed or ready to commit the act and was merely afforded an opportunity by the law enforcement officer to do so, then the defendant may be found guilty, provided that the State has proved all the essential elements of the crime beyond a reasonable doubt.
>
> Inducement may take different forms, such as persuasion, fraudulent representations, threats, or other coercive tactics, or holding out the promise or hope of reward. However, law enforcement officers are not precluded from utilizing artifice and stratagem, such as the use of decoys or undercover agents, to apprehend a person engaged in a criminal enterprise, provided that they merely afford opportunities or facilities for the commission of an offense by one already predisposed or

ready to commit it.

The State must prove beyond a reasonable doubt that the defendant was not improperly induced to commit any unlawful conduct. If you have a reasonable doubt whether or not the defendant was improperly induced to commit the offense, you must find the defendant not guilty.

The appellant cites *United States v. Jannotti*, 729 F.2d 213 (1984). In that case undercover Federal Bureau of Investigation officers sought out various members of the city council of the city of Philadelphia, requested political assistance, and subsequently paid money to the council members. The defendants were tried and convicted of violations of the Hobbs Act, 18 U.S.C. § 1951(a) (1982) (conspiracy to interfere with interstate commerce) and of the RICO Act, 18 U.S.C. § 1962(d) (1982) (conspiracy to conduct an enterprise through racketeering activities). The court in its instructions on the issue of entrapment required of the defendants to first introduce evidence of inducement, and only then instructed the jury that "the government [had] the burden of proving predisposition beyond a reasonable doubt." 729 F.2d at 225. The first part of the instruction was disapproved, suggesting that the appropriate instruction was that the burden was on the government to prove (1) no improper inducement existed and (2) prior disposition to commit the offense.

We observe first that the entrapment defense "is not of a constitutional dimension." *United States v. Russell*, 411 U.S. 423, 433, 93 S. Ct. 1637, 36 L. Ed. 2d 366 (1973). "This Court first recognized and applied the entrapment defense in *Sorrells v. United States*, 287 U.S. 435 (1932)." 411 U.S. at 428. The *Russell* majority observed at 428 n.5 that "[t]he first case to recognize and sustain a claim of entrapment by government officers was apparently *Woo Wai v. United States*, 223 F. 412 (CA9 1915)," while the first time, apparently, that this court recognized the defense was *State v. Ransburg*, 181 Neb. 352, 148 N.W.2d 324 (1967). Quoting *Sorrells v. United States*, 287 U.S. 435, 53 S. Ct. 210, 77 L. Ed. 2d 413 (1932), this court approved the following language of Chief Justice Hughes:

"The appropriate object of this permitted activity, frequently essential to the enforcement of the law, is to

reveal the criminal design; to expose the illicit traffic, the prohibited publication, the fraudulent use of the mails, the illegal conspiracy, or other offenses, and thus to disclose the would-be violators of the law. A different question is presented when the criminal design originates with the officials of the Government, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order that they may prosecute."

181 Neb. at 355-56, 148 N.W.2d at 326-27.

The court has specifically approved the giving of NJI 14.34 in *State v. Lampone*, 205 Neb. 325, 287 N.W.2d 442 (1980), and in *State v. Gurule*, 194 Neb. 618, 621-22, 234 N.W.2d 603, 606-07 (1975), where we said:

The Nebraska Jury Instruction is phrased in terms of "improper" inducement. The representations made by an undercover agent are almost always false in some particulars and, to some extent, may constitute an inducement to commit the crime. It is improper inducement that gives rise to the defense of entrapment. Overpersuasion, undue pressure, or coercion may constitute improper inducement and entrapment. State v. Ransburg, *supra*. The important consideration in determining whether entrapment occurred is the predisposition or readiness on the part of the defendant to commit the crime. United States v. Russell, 411 U.S. 423, 93 S. Ct. 1637, 36 L. Ed. 2d 366. Reluctance or unwillingness on the part of the defendant may indicate an absence of predisposition or readiness to commit the offense. These matters are all covered in the Nebraska Jury Instruction . . . .

Aside from the obvious conclusion that no constitutional provision, state or federal, mandates the requested instruction, the instruction in fact places the burden on the State to prove beyond a reasonable doubt the predisposition of the defendant to commit the crime as part of the larger burden to prove that the defendant was not improperly induced. Bocian's contention is artificial, and the alleged error is not meritorious.

The second assignment of error relates to the five counts of

the information. Counts I and II charged Bocian with delivery of LSD on January 31, 1986. Counts III and IV charged delivery of marijuana on the same date, and, finally, count V charged possession of LSD with intent to deliver.

It is true the counts do not allege which of the two incidents of sale of LSD and marijuana to the patrolman and Cary is the subject of the charge, nor does the fifth count describe which of the three separate incidents of possession of LSD is relied on to support this count. No attack is made on the sufficiency of the information. It is evident that the essential elements of the separate offenses are charged. The record does not disclose any motions addressed to the trial judge requesting a more specific statement of the charges.

We were faced with this very situation in *State v. Abraham*, 189 Neb. 728, 730, 205 N.W.2d 342, 344 (1973), wherein we said:

Since the information here, although phrased in general language, is sufficient to state an offense, the defendants' challenge really goes only to the requisite certainty and particularity of the information for the preparation of their defense. It is not such a challenge as can be brought by way of motion in arrest of judgment. Instead, a motion to quash is the proper method of attack. § 29-1808, R.R.S. 1943; Matters v. State, 120 Neb. 404, 232 N.W. 781. The defendants failed to avail themselves of this procedure and pleaded not guilty. All defects that may be excepted to by a motion to quash are taken to be waived by a defendant pleading the general issue. § 29-1812, R.R.S. 1943; State v. Fiegl, 184 Neb. 704, 171 N.W.2d 643; Nelson v. State, 167 Neb. 575, 94 N.W.2d 1; Green v. State, 116 Neb. 635, 218 N.W. 432.

The record discloses that at each sale a separate price was specified and negotiated for each quantity of controlled substance. The argument suggests that the sales and possession were part of one transaction, i.e., the same continuing act, and thus the appellant is subject to multiple prosecutions for the same act, violating the double jeopardy provisions of the U.S. and State Constitutions. In the first place, it is well established that the same act may constitute more than one offense, and the

prosecution for the two separate crimes is not barred, e.g., robbery and use of a firearm to commit a felony; second, the delivery of LSD and the delivery of marijuana are not lesser-included offenses of one another for a very obvious reason: each controlled substance is prohibited.

It is true that count V is a lesser-included offense of counts I and II, and this fact would be fatal to count V except that count V is based on an entirely separate possession (as disclosed by the search warrant) from the previous sales. Separately structured sales of contraband can sustain separate prosecutions for the prohibited sale. *United States v. Weatherd*, 699 F.2d 959 (8th Cir. 1983) (controlled substances). See, also, *State v. Pope*, 192 Neb. 755, 224 N.W.2d 521 (1974). The assigned error is meritless.

Finally, Bocian argues that the sentences imposed are disproportionate to the offenses, and thus violate Neb. Const. art. I, § 15. We said in *State v. Foutch*, 196 Neb. 644, 646, 244 N.W.2d 291, 292 (1976), that "[t]he punishment for a criminal act should in all circumstances be commensurate with the offense."

Bocian stands convicted of five Class III felonies. The penalty range for a felony of that class is imprisonment from 1 to 20 years and/or a fine of not more than $25,000. We have no hesitancy concluding that the penalty of five 4- to 8-year concurrent sentences is not disproportionate to the delivery, or possession with intent to sell, of controlled substances. The judgment and sentences are affirmed.

AFFIRMED.