STATE OF NEBRASKA, APPELLEE,
v. TOM L. SOMMERFELD, APPELLANT.

560 N.W.2d 420

Filed February 28, 1997.   No. S-96-302.

Thomas W. Tye II, of The Tye Law Firm, for appellant.

Don Stenberg, Attorney General, and Jay C. Hinsley for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, and GERRARD, JJ., and BOSLAUGH and GRANT, JJ., Retired.

CAPORALE, J.

Pursuant to verdict, the county court adjudged the defendant-appellant, Tom L. Sommerfeld, guilty of storing vehicles in such a manner as to violate Neb. Rev. Stat. § 60-311.18 (Reissue 1993), and thereafter sentenced him. After an unsuc-

cessful appeal to the district court, Sommerfeld appealed to the Nebraska Court of Appeals, asserting, in summary and as argued, that the district court erred in failing to hold § 60-311.18 unconstitutional under the state and federal Constitutions as being impermissibly overbroad and vague. Under our authority to regulate the caseloads of the Court of Appeals and this court, we, on our own motion, removed the matter to our docket. We now affirm.

A challenge to the constitutionality of a statute presents a question of law, which must be determined by an appellate court independently from the conclusion reached by a trial court. *State v. Carpenter*, 250 Neb. 427, 551 N.W.2d 518 (1996).

Section 60-311.18 reads:

> Subject to land-use regulations of a county or municipality, a collector may store any vehicles, licensed or unlicensed, operable or inoperable, on his property if such vehicles and parts cars and any outdoor storage areas are maintained in such a manner that they do not constitute a health hazard, and the vehicles are located away from ordinary public view or are screened from ordinary public view by means of a fence, rapidly growing trees, shrubbery, opaque covering, or other appropriate means.

The evidence demonstrates that Sommerfeld keeps historic and other vehicles on an unimproved residential lot, namely, several old automobiles, several antiquated tractors, a steam engine, and various farm equipment, all within a few feet of a public road. All of the items are easily visible from the road, as there is nothing obstructing the view. Indeed, it is Sommerfeld's position that he does not store the vehicles but, rather, displays them, and he testified that he did not want to screen the items from public view. He admitted that the items "are very visible" and "very much" in the ordinary public view.

We note first that although in addition to claiming that § 60-311.18 is constitutionally infirm, Sommerfeld also assigns as error the district court's failure to find that the county court erred in failing to receive certain evidence, in receiving certain evidence, and in failing to sustain his motions for directed verdict. However, Sommerfeld does not discuss any of these

alleged errors in his brief. Not only must a claimed prejudicial error be assigned, it must also be discussed in the brief of the asserting party; an appellate court will not consider assignments of error which are not discussed in the brief. *Landmark Enterprises v. M.I. Harrisburg Assocs.*, 250 Neb. 882, 554 N.W.2d 119 (1996). That being so, we concern ourselves only with the constitutional claims.

In that regard, we note that as a general rule, in a challenge to the overbreadth and vagueness of a law, the court's first task is to analyze overbreadth. *Carpenter, supra.* An attack on the overbreadth of a statute asserts that language in the statute impermissibly infringes on a constitutionally protected right. *Id.*

According to Sommerfeld, "the displaying of one's personal property is constitutionally protected conduct that should not be infringed upon . . . ." Brief for appellant at 12. Specifically, Sommerfeld argues that article I, § 3, of the Nebraska Constitution and the Fifth and Sixth Amendments to the U.S. Constitution protect the displaying of historical vehicles on one's own property.

The Sixth Amendment provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

Sommerfeld fails to explain how § 60-311.18 violates his Sixth Amendment rights.

Article I, § 3, provides: "No person shall be deprived of life, liberty, or property, without due process of law." Similarly, the Fifth Amendment provides: "No person shall be . . . deprived of life, liberty, or property, without due process of law . . . ." Again, Sommerfeld cites to no statute or case law supporting his argument that the displaying of personal property in open view is a property or liberty interest.

A statute may be unconstitutionally overbroad only if its overbreadth is substantial, that is, when the statute would be unconstitutional in a substantial portion of the situations to which it is applicable. *State ex rel. Dept. of Health v. Jeffrey*, 247 Neb. 100, 525 N.W.2d 193 (1994). If the statutory proscription does not reach a substantial amount of constitutionally protected conduct, there is no standing to challenge a statute on the basis the statute is overbroad, and such challenge must fail. *State v. Carpenter*, 250 Neb. 427, 551 N.W.2d 518 (1996). Because § 60-311.18 is not shown to reach a substantial amount of constitutionally protected conduct, Sommerfeld lacks standing to challenge it based on overbreadth.

Sommerfeld next contends that the county court erred in determining that § 60-311.18 is not unconstitutionally vague. The void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. *Carpenter, supra.* The more important aspect of the vagueness doctrine is not actual notice, but the requirement that a legislature establish minimal guidelines to govern law enforcement. *Carpenter, supra.*

Sommerfeld argues that § 60-311.18 did not put him on notice of what conduct was proscribed, pointing out that " '[t]he test for determining whether a statute is vague is whether it forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.' " Brief for appellant at 8, quoting *State v. Schmailzl*, 243 Neb. 734, 502 N.W.2d 463 (1993). However, Sommerfeld fails to complete the quotation, which goes on to declare:

> " 'A statute will not be deemed vague if it uses ordinary terms which find adequate interpretation in common usage and understanding. . . . In determining whether a statute is vague and therefore does not give a defendant adequate notice that his conduct is proscribed, the statute must be examined in light of the conduct with which the defendant is charged. . . .

" ' . . . The prohibition against vagueness does not invalidate a statute simply because it could have been drafted with greater precision. The test is whether the defendant could reasonably understand that his conduct was proscribed by the statute.' "

*Schmailzl*, 243 Neb. at 736-37, 502 N.W.2d at 465.

Nonetheless, Sommerfeld contends that the phrases "ordinary public view" and "or other appropriate means" and the word "store" are subject to multiple interpretations, are not defined by statute, and are thus unconstitutionally vague. He asks whether a vehicle stored "one quarter mile off the highway in the middle of the sandhills" is in ordinary public view. Brief for appellant at 9. Regarding the phrase "or other appropriate means," Sommerfeld asks whether surrounding a historic vehicle with nonhistoric vehicles would fit the definition. But as noted earlier, in determining whether a statute is vague, it must be examined in light of the conduct with which the defendant is charged. *Schmailzl, supra.* Sommerfeld cannot maintain that the statute is vague when applied to the conduct of others. See *Carpenter, supra.*

In contending that § 60-311.18 is unconstitutionally vague as applied to him, Sommerfeld states that he "has made several attempts to comply with the statute, yet he does not know what are appropriate means and what are not appropriate means." Brief for appellant at 11. However, the record does not support this contention, and Sommerfeld points to no evidence indicating how he attempted to comply with the statute. On the contrary, his own testimony establishes that he intended to keep the vehicles in public view at all times.

In order to have standing to attack a vague statute, one must not have engaged in conduct which is clearly proscribed by the statute. *Carpenter, supra*; *State v. Conklin*, 249 Neb. 727, 545 N.W.2d 101 (1996). Here, Sommerfeld engaged in conduct which is clearly proscribed by § 60-311.18; he thus has no standing to attack the statute as vague.

For the foregoing reasons, the judgment of the district court, as noted in the first paragraph hereof, is affirmed.

AFFIRMED.