STATE OF NEBRASKA, APPELLEE, V.
KIP P. HOOKSTRA, APPELLANT.
638 N.W.2d 829

Filed February 8, 2002.   No. S-00-791.

Robert F. Bartle, of the Bartle & Geier Law Firm, for appellant.

John C. McQuinn, Chief Lincoln City Prosecutor, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MILLER-LERMAN, JJ., and BUCKLEY, D.J., Retired.

STEPHAN, J.

At issue in this case is the constitutionality of a Lincoln ordinance which makes it unlawful to "intentionally or knowingly refuse to comply with an order of a police officer made in the performance of official duties at the scene of an arrest, accident, or investigation." Lincoln Mun. Code § 9.08.050 (1990). In affirming the conviction of Kip P. Hookstra under this ordinance, the Nebraska Court of Appeals held that the ordinance was not facially unconstitutional on the ground of overbreadth and that Hookstra lacked standing to challenge the ordinance on the ground of vagueness. We granted Hookstra's petition for further review and now affirm the judgment of the Court of Appeals.

## BACKGROUND

### FACTS

We briefly summarize the operative facts which are fully set forth in the opinion of the Court of Appeals. *State v. Hookstra*, 10 Neb. App. 199, 630 N.W.2d 469 (2001). In the early morning hours of March 20, 1999, Lincoln police officer Mitchell Evans was administering field sobriety tests to a motorist whom

he had stopped at an intersection in downtown Lincoln on suspicion of driving under the influence. Hookstra and two other pedestrians observed this process from a distance of approximately 15 to 20 feet.

When Evans concluded the sobriety tests and began placing the motorist in the back seat of his police car, Hookstra and his friends began to "heckle" Evans and the motorist. Hookstra shouted slogans and told the motorist that he was not required to cooperate with Evans. Evans testified that this distracted him and upset the motorist. Evans was concerned for his own safety and that of the motorist because the commotion detracted from Evans' ability to pay attention to the traffic around him and to the motorist.

Evans told Hookstra to leave the area, but Hookstra refused to do so despite the urging of his companions. After repeating the order two or three times, Evans then walked toward the sidewalk where Hookstra and the others were standing. Hookstra then began to walk backward, facing Evans with his fist raised in the air. Alerted by Evans, other Lincoln police officers took Hookstra into custody approximately one block from the scene of the incident and charged him with a violation of § 9.08.050.

## DISPOSITION BELOW

Hookstra filed a motion to quash the complaint on grounds that the Lincoln ordinance was, on its face, unconstitutionally overbroad and vague. The motion was overruled by the Lancaster County Court. Hookstra renewed the motion to quash at his trial but offered no evidence. He was found guilty and was fined $100 plus court costs. After the conviction was affirmed on appeal to the district court for Lancaster County, Hookstra perfected this timely appeal.

The Court of Appeals affirmed the conviction, holding that the ordinance was not unconstitutional on its face on the ground of overbreadth and that Hookstra lacked standing to challenge the statute on the ground of vagueness. *State v. Hookstra, supra.* In its overbreadth analysis, the Court of Appeals construed the word "order" in the Lincoln ordinance "by adding the 'gloss' that it be a 'lawful order.' " *Id.* at 208, 630 N.W.2d at 477. We granted Hookstra's petition for further review.

## ASSIGNMENT OF ERROR

In his petition for further review, Hookstra assigns that the Court of Appeals erred in finding that the ordinance is not unconstitutionally overbroad and vague on its face in violation of his right of free speech under the Constitution of Nebraska and the Constitution of the United States.

## STANDARD OF REVIEW

■ The constitutionality of an ordinance presents a question of law, in which an appellate court is obligated to reach a conclusion independent of the decision reached by the trial court. *Village of Winslow v. Sheets*, 261 Neb. 203, 622 N.W.2d 595 (2001).

## ANALYSIS

■ A challenge to a statute, asserting that no valid application of a statute exists because it is unconstitutional on its face, is a facial challenge. *State v. Kanarick*, 257 Neb. 358, 598 N.W.2d 430 (1999); *State v. Roucka*, 253 Neb. 885, 573 N.W.2d 417 (1998). Hookstra asserts only a facial challenge to the Lincoln ordinance and does not contend that he did not violate the ordinance if it is found to be valid. The facial challenge is based on a claim that the ordinance violates the right of free speech under the state and federal Constitutions. The 1st Amendment to the U.S. Constitution, made applicable to the states through the 14th Amendment, requires that the state "make no law . . . abridging the freedom of speech." Article I, § 5, of the Nebraska Constitution provides that "[e]very person may freely speak, write and publish on all subjects, being responsible for the abuse of that liberty . . . ." The parameters of the constitutional right to freedom of speech are the same under both the federal and the state Constitutions. *Village of Winslow v. Sheets, supra*; *Pick v. Nelson*, 247 Neb. 487, 528 N.W.2d 309 (1995). Accordingly, as did the Court of Appeals, we apply the same analysis to Hookstra's state and federal constitutional claims.

■ Although we have referred to vagueness and overbreadth together, we have recognized that the two are conceptually distinct. *State v. Roucka, supra*. The doctrine of overbreadth pertains to a statute designed to burden, punish, or prohibit an activity that is not constitutionally protected, but which includes within its scope activities that are protected by the First Amendment to the

U.S. Constitution. *State v. Schmailzl*, 243 Neb. 734, 502 N.W.2d 463 (1993). The void-for-vagueness doctrine requires that a penal ordinance define the criminal offense with sufficient definiteness so that ordinary people can understand what conduct is prohibited and so that the language of the ordinance does not encourage arbitrary and discriminatory enforcement. *State v. Beyer*, 260 Neb. 670, 619 N.W.2d 213 (2000). An enactment which is clear and precise, and therefore not vague, may nonetheless fail to pass constitutional muster by virtue of being overbroad in the sense that it prohibits the exercise of constitutionally protected conduct, such as the exercise of First Amendment rights. *State v. Roucka, supra*; *State v. Frey*, 218 Neb. 558, 357 N.W.2d 216 (1984).

■ As a general rule, in a challenge to the overbreadth and vagueness of a law, a court's first task is to analyze overbreadth. *State v. Sommerfeld*, 251 Neb. 876, 560 N.W.2d 420 (1997). The U.S. Supreme Court has established guidelines in this regard:

> "In a facial challenge to the overbreadth and vagueness of a law, a court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct. If it does not, then the overbreadth challenge must fail. The court should then examine the facial vagueness challenge and, assuming the enactment implicates no constitutionally protected conduct, should uphold the challenge only if the enactment is impermissibly vague in all of its applications. A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others."

*State v. Roucka*, 253 Neb. at 891, 573 N.W.2d at 422, quoting *Hoffman Estates v. Flipside, Hoffman Estates*, 455 U.S. 489, 102 S. Ct. 1186, 71 L. Ed. 2d 362 (1982).

### OVERBREADTH CLAIM

■ A statute is unconstitutionally overbroad and thus offends the First Amendment if, in addition to forbidding speech or conduct which is not constitutionally protected, it also prohibits the exercise of constitutionally protected speech. *State v. Kipf*, 234 Neb. 227, 450 N.W.2d 397 (1990). "A statute may be invalidated on its face, however, only if its overbreadth is 'substantial,' i.e., when the statute is unconstitutional in a substantial

portion of cases to which it applies." *Id.* at 238, 450 N.W.2d at 406. Stated another way, in order to prevail upon a facial attack to the constitutionality of a statute, the challenger must show either that every application of the statute creates an impermissible risk of suppression of ideas or that the statute is "substantially" overbroad, which requires the court to find a realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the court. *Id.* The requirement that the overbreadth be substantial arose from the recognition that the application of the overbreadth doctrine is " ' "manifestly strong medicine." ' " *Id.*, quoting *Airport Comm'rs v. Jews for Jesus, Inc.*, 482 U.S. 569, 107 S. Ct. 2568, 96 L. Ed. 2d 500 (1987).

█ The doctrine of substantial overbreadth provides an exception to the traditional rule of standing. *State v. Kipf, supra.* Under the doctrine, an individual whose own speech or conduct may be prohibited is permitted to challenge an enactment on its face because it also threatens others not before the court who desire to engage in legally protected expression but who may refrain from doing so rather than risk prosecution or undertake to have the law declared partially invalid. *Id.* The doctrine is predicated on the sensitive nature of protected expression and the fear that " 'persons whose expression is constitutionally protected may well refrain from exercising their rights for fear of criminal sanctions by a statute susceptible of application to protected expression.' " *New York v. Ferber*, 458 U.S. 747, 768, 102 S. Ct. 3348, 73 L. Ed. 2d 1113 (1982), quoting *Schaumburg v. Citizens for Better Environ.*, 444 U.S. 620, 100 S. Ct. 826, 63 L. Ed. 2d 73 (1980).

This "exception" to the traditional rule of standing is sometimes confused with the requirement in a facial challenge to a statute that the claimed overbreadth be "substantial." In *State v. Sommerfeld*, 251 Neb. 876, 880, 560 N.W.2d 420, 422 (1997), we stated that "[i]f the statutory proscription does not reach a substantial amount of constitutionally protected conduct, there is no standing to challenge a statute on the basis the statute is overbroad, and such challenge must fail." Similarly, we stated in *Kipf*, 234 Neb. at 238, 450 N.W.2d at 406, that "a litigant must show that the statute is substantially overbroad before he or she

is deemed to have standing to challenge it on the ground it is unconstitutional with respect to a hypothetical party." See, also, *State v. Roucka*, 253 Neb. 885, 573 N.W.2d 417 (1998) (finding no standing to challenge statute as overbroad when statute does not reach substantial amount of protected conduct); *State v. Copple*, 224 Neb. 672, 681, 401 N.W.2d 141, 149-50 (1987), *abrogated on other grounds, State v. Reynolds*, 235 Neb. 662, 457 N.W.2d 405 (1990) ("[i]n determining whether standing exists for a facial challenge to a statute as overbroad, a court must first determine whether the statute reaches a substantial amount of constitutionally protected conduct").

However, the exception to the standing rule is conceptually distinguishable from the requirement that the overbreadth be substantial. In *Secretary of State of Md. v. J.H. Munson Co.*, 467 U.S. 947, 104 S. Ct. 2839, 81 L. Ed. 2d 786 (1984), a professional fundraiser brought an action challenging on overbreadth grounds a 25-percent limit on charitable fundraising expenses imposed by a Maryland statute. In its standing analysis, the Court analyzed whether the professional fundraiser had a sufficient " 'injury-in-fact,' " to entitle it to assert a challenge to a statute directed at charitable organizations. 467 U.S. at 958. Finding that such injury existed, the Court then stated:

> Besides challenging [the professional fundraiser's] standing as a "noncharity" to bring its claim, the Secretary urges that [the fundraiser] should not have standing to challenge the statute as overbroad because it has not demonstrated that the statute's overbreadth is "substantial." . . . The Secretary raises a point of valid concern. The Court has indicated that application of the overbreadth doctrine is "strong medicine" that should be invoked only "as a last resort." . . . The Secretary's concern, however, is one that is more properly reserved for the determination of [the] First Amendment challenge on the merits. The requirement that a statute be "substantially overbroad" before it will be struck down on its face is a "standing" question only to the extent that if the plaintiff does not prevail on the merits of its facial challenge and cannot demonstrate that, as applied to it, the statute is unconstitutional, it has no "standing" to allege that, as applied to others, the statute might be unconstitutional. . . .

> We therefore move on to the merits of [the] First Amendment claim.

(Citations omitted.) 467 U.S. at 958-59. See, also, *State v. Burke*, 225 Neb. 625, 632, 408 N.W.2d 239, 246 (1987) (recognizing that issue of standing in overbreadth challenge is "inextricably entwined" with merits). Thus, although our prior case law has sometimes referred to "substantial overbreadth" as an aspect of standing, it is more properly characterized as a test for determining the merits of a facial overbreadth claim. In its opinion in this case, the Court of Appeals correctly treated it as such. *State v. Hookstra*, 10 Neb. App. 199, 630 N.W.2d 469 (2001).

In considering the constitutionality of the Lincoln ordinance, we begin with well-established general principles. An ordinance, like a statute, is presumed to be constitutional and its unconstitutionality must be clearly established before it will be declared void. *City of Lincoln v. Bruce*, 221 Neb. 61, 375 N.W.2d 118 (1985). In affording a presumption of constitutionality to legislative enactments, we, while construing penal statutes strictly, nonetheless give them a sensible construction in the context of the object sought to be accomplished, the evils and mischiefs sought to be remedied, and the purpose sought to be served. *State v. Burke, supra*. When a statute is susceptible of two constructions, under one of which the statute is valid while under the other of which the statute would be unconstitutional or of doubtful validity, that construction which results in validity is to be adopted. *Id.*

The latter principle is of particular importance when considering a claim of facial unconstitutionality based upon overbreadth. In *Broadrick v. Oklahoma*, 413 U.S. 601, 93 S. Ct. 2908, 37 L. Ed. 2d 830 (1973), the Supreme Court noted that historically, the doctrine of facial overbreadth has not been invoked when a limiting construction has been or could be placed on a challenged statute. Similarly, this court has affirmed that a statute challenged as overbroad should be construed so as to avoid constitutional problems if it is subject to such a limiting construction. *State v. Burke, supra*.

With these principles in mind, we consider the limiting construction the Court of Appeals placed on the language of the Lincoln ordinance. Construed broadly, the ordinance could be

deemed applicable to *any* order given by a police officer while performing official duties at the scene of an arrest, accident, or investigation. However, the Court of Appeals reasoned that the phrase "in the performance of official duties" placed a substantive limitation on the word "order" in that an order must conform to the law in order to be "made in the performance of official duties," and therefore the "order" referred to by the ordinance must necessarily be a " 'lawful order.' " *State v. Hookstra*, 10 Neb. App. at 208, 630 N.W.2d at 477. The Court of Appeals reasoned that the "official duties" limitation of the ordinance, together with the judicially imposed "requirement that the order be 'lawful,' prevents unconstitutional police activity, such as interference with protected speech, while sufficiently narrowing the scope of proscribed conduct, for instance, the failure to leave a crime scene so as to avoid contamination of evidence." *Id*. As noted by the Court of Appeals, other courts have given such a narrowing construction to similar statutory language. See, e.g., *United States v. Shiel*, 611 F.2d 526 (4th Cir. 1979) (holding regulation mandating compliance with officer's order uniformly construed as applying only to proper orders and, so construed, not facially overbroad); *Ex parte Battles*, 771 So. 2d 503, 504 (Ala. 2000) (construing ordinance making it unlawful " 'for any person to fail to obey the direction or order of a member of the police department . . . while such member is acting in an official capacity in carrying out his duties' " as applying only to "lawful orders" and thus holding ordinance not unconstitutionally overbroad on its face).

On further review, Hookstra argues that the narrowing construction which the Court of Appeals placed on the language of the ordinance is improper because "[a] mere distinction between lawful and unlawful orders adds no objectivity or limits to an officer's order" and that the term "lawful" is itself "merely another conclusory and overly broad term." Supplemental brief for appellant in support of petition for further review at 3. We disagree. A court called upon to apply the ordinance, so narrowed, to a particular factual circumstance is certainly capable of determining whether the State has met its burden of proving that the order in question was a lawful one. We conclude that the language of the ordinance is susceptible to construction and that

126

the narrowing construction applied by the Court of Appeals was reasonable and appropriate.

The next question we must address is whether the Lincoln ordinance, so construed, is nonetheless so broad that every application of the ordinance creates an impermissible risk of suppression of ideas, or that the statute is "substantially overbroad" in that there is a realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the court. See *State v. Kipf*, 234 Neb. 227, 450 N.W.2d 397 (1990). In arguing that this is so, Hookstra relies upon *Houston v. Hill*, 482 U.S. 451, 107 S. Ct. 2502, 96 L. Ed. 2d 398 (1987). In *Hill*, the Supreme Court considered a Houston ordinance which made it " 'unlawful for any person to . . . in any manner oppose, molest, abuse or interrupt any policeman in the execution of his duty . . . .' " 482 U.S. at 455. As originally drafted, the ordinance applied to both physical conduct and speech. However, because the Texas penal code preempted the application of the ordinance to physical conduct, the Court concluded that the remaining portion of the ordinance "deals not with core criminal conduct, but with speech." 482 U.S. at 460. Noting that "the First Amendment protects a significant amount of verbal criticism and challenge directed at police officers," 482 U.S. at 461, the Court concluded that the ordinance constituted an unlimited prohibition of speech that " 'in any manner . . . interrupt[s]' an officer." 482 U.S. at 462. Because it determined that the ordinance "criminalizes a substantial amount of constitutionally protected speech, and accords the police unconstitutional discretion in enforcement," the Court concluded that the ordinance was substantially and therefore unconstitutionally overbroad. 482 U.S. at 466.

In *Broadrick v. Oklahoma*, 413 U.S. 601, 93 S. Ct. 2908, 37 L. Ed. 2d 830 (1973), the Supreme Court rejected a facial challenge to a statute which regulated political activity by state employees. The Court noted that while "claims of facial overbreadth have been entertained in cases involving statutes which, by their terms, seek to regulate 'only spoken words,' " 413 U.S. at 612, such claims, "if entertained at all, have been curtailed when invoked against ordinary criminal laws that are sought to be applied to protected conduct." 413 U.S. at 613. The Court further stated:

It remains a "matter of no little difficulty" to determine when a law may properly be held void on its face and when "such summary action" is inappropriate. . . . But the plain import of our cases is, at the very least, that facial overbreadth adjudication is an exception to our traditional rules of practice and that its function, a limited one at the outset, attenuates as the otherwise unprotected behavior that it forbids the State to sanction moves from "pure speech" toward conduct and that conduct—even if expressive—falls within the scope of otherwise valid criminal laws that reflect legitimate state interests in maintaining comprehensive controls over harmful, constitutionally unprotected conduct. Although such laws, if too broadly worded, may deter protected speech to some unknown extent, there comes a point where that effect—at best a prediction—cannot, with confidence, justify invalidating a statute on its face and so prohibiting a State from enforcing the statute against conduct that is admittedly within its power to proscribe. . . . To put the matter another way, particularly where conduct and not merely speech is involved, we believe that the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep. (Citations omitted.) 413 U.S. at 615.

The Lincoln ordinance differs from that in *Hill* in that it does not focus exclusively on speech. Indeed, many orders which a police officer may give to a citizen at the scene of an accident or crime are completely unrelated to speech, such as an order to detour around the scene of a motor vehicle accident; an order not to enter a crime scene under investigation; or an order that a bystander step aside in order to enable medical personnel to assist an injured victim. As the Court of Appeals correctly noted, the ordinance could also reach a police order involving "speech, conduct, or a combination thereof." *State v. Hookstra*, 10 Neb. App. 199, 206, 630 N.W.2d 469, 476 (2001). However, even in the circumstance where an order pertains to speech in some way, it is not the speech itself which is criminalized, as in *Houston v. Hill*, 482 U.S. 451, 107 S. Ct. 2502, 96 L. Ed. 2d 398 (1987), but, rather, the failure to comply with a lawful order with respect thereto. The Court in *Hill* acknowledged that there are instances

where speech which interferes with the performance of a police officer's official duties could be constitutionally punished under a "properly tailored statute, such as a disorderly conduct statute that makes it unlawful to fail to disperse in response to a valid police order . . . ." 482 U.S. at 463 n.11. Given the fact that the Lincoln ordinance does not criminalize speech per se, but, rather, the noncompliance with a lawful police order which may or may not involve speech, we cannot say that it is unconstitutional in all or in a substantial portion of cases to which it applies. Accordingly, we conclude that the Court of Appeals did not err in determining that the ordinance was not unconstitutional on its face.

### VAGUENESS CLAIM

Unlike an attack based on the overbreadth of a statute, a vagueness challenge questions the clarity of statutory language. The traditional rule of standing applies to a facial challenge to a statute on the ground of vagueness. *State v. Roucka*, 253 Neb. 885, 573 N.W.2d 417 (1998). To have standing to assert a claim of vagueness, a defendant must not have engaged in conduct which is clearly prohibited by the questioned statute and cannot maintain that the statute is vague when applied to the conduct of others. *Id.* Conduct which is clearly proscribed by the statute will not support a vagueness challenge (1) because the statute is not vague as to the party challenging the statute and (2) because the court will not examine the vagueness of the law as it might apply to the conduct of persons not before the court. *Id.* Therefore, although Hookstra asserts a facial challenge to the ordinance, the facts of this particular case are relevant to the determination of whether he possessed the requisite standing to bring a vagueness challenge.

In denying Hookstra's renewed motion to quash and finding him guilty of violating § 9.08.050 after trial, the county court made the following findings:

> The Court finds that Officer Evans was in the performance of his official duties when he ordered the defendant Kip Hookstra to leave the area. The Court further finds that the defendant's actions were interfering with the arrest procedure and the officer had legitimate safety concerns when ordering the defendant to leave the area.

Hookstra did not challenge these factual findings on appeal or contend that his conduct did not clearly fall within that proscribed by the Lincoln ordinance. Accordingly, the Court of Appeals did not err in concluding that Hookstra lacked standing to assert a facial challenge based upon vagueness.

## CONCLUSION

For the reasons discussed, we conclude that the Court of Appeals did not err in determining that § 9.08.050 was not unconstitutionally overbroad on its face and that Hookstra lacked standing to challenge the ordinance on grounds of vagueness. The judgment of the Court of Appeals is therefore affirmed.

AFFIRMED.

McCORMACK, J., not participating.