REQUESTED BY: Douglas D. Christensen, Commissioner of Education Kathryn Piller, State Board of Education Member
You have requested our opinion on various matters related to the teacher certification of State Board of Education ("State Board" or "State Board of Education") members. Your questions and our responses are set forth below.
 May Service on the State Board Be Used to Renew an Education Certificate?
You asked the following question. "Our question is whether State Board of Education members, who are prevented from working in the field of education while they serve on the State Board, may use such service on the State Board as the equivalent to experience gained from employment as a teacher, administrator, or Department of Education staff member for purposes of renewing their administrative or teaching certificate."
The State Board of Education, pursuant to legislative mandate, is required to adopt regulations on the issuance of education certificates. "The board shall establish, adopt, and promulgate appropriate rules, regulations, and procedures governing the issuance, renewal, conversion, revival, cancellation, suspension, and revocation of certificates and permits to teach, counsel, supervise, and administer in all elementary and secondary schools in this state. . . ." Neb. Rev. Stat. § 79-808(1) (Supp. 2001).
Pursuant to this statutory authority, the State Board adopted Title 92 NAC 21 (effective date: Nov. 12, 2000) ("Rule 21") on the issuance of certificates and permits to teach, counsel, supervise, and administer in Nebraska schools. Issuance of administrative certificates is governed by § 004 of Rule 21. Individuals seeking renewal of an administrative certificate must either successfully complete six hours of graduate courses under the requirements of § 004.06D or have experience as an administrator pursuant to § 004.06C or § 004.06E.
It does not appear that experience on the State Board of Education would qualify as administrative experience under § 004.06C because the administrative experience must take place in a Nebraska school system,[1] a Nebraska standard institution of higher education[2] or as employment in the Department of Education.
 Each applicant for renewal of a standard or professional administrative certificate prior to or less than five (5) years after the date of expiration of such certificate shall:
. . .
 004.06C Within five (5) years prior to the date of application, have administered half-time or more for two (2) successive school years in the same Nebraska school system, Nebraska standard institution of higher education, or been employed in the Department.
Title 92 NAC 21 § 004.06C.
Members of the State Board do not appear to be "employed in the Department" as this phrase is used in § 004.06C. We did not find a statutory definition of "employee" applicable to individuals employed by the Department of Education. The Department, however, has promulgated a regulatory definition of "employee" for purposes of its personnel rules. In relevant part, "employee" means "any person who works for the Department and receives a state pay warrant. . . ." § 93 NAC 3-005
(effective date June 20, 2001). Members of the State Board of Education serve without pay and therefore do not fit within the Department's regulatory definition of "employee." Members of the State Board "shall receive no compensation, but shall be reimbursed their actual expense incurred in the performance of their duties." Neb. Const. art. VII, § 3. Article VII, § 4 of the Nebraska Constitution, requiring the State Board to appoint all employees of the Department, lends support to the position that State Board members are not Department employees. "The board shall appoint all employees of the State Department of Education on the recommendation of the Commissioner of Education." While we did not find legal authority explicitly stating that State Board members are not Department "employees," the greater weight of the legal authority supports this position and we therefore conclude that State Board members are not "employed by the Department" within the meaning of 92 NAC 21 § 004.06C.
Issuance of teaching certificates is governed by § 005 of Rule 21. Individuals seeking renewal of a teaching certificate must either successfully complete six hours of college credit under the requirements of § 005.09D or have experience as a teacher pursuant to § 005.09C. Again, it does not appear that experience on the State Board of Education would qualify as teaching[3] experience under § 005.09C because that section requires experience in various school systems, teacher preparation programs, early childhood programs or the Department.
Consequently, it appears to us that service on the State Board does not qualifies as the experience necessary to renew an administrative or teaching certificate under the Department's Rule 21. However, education certificates may also be issued on the basis of equivalency pursuant to § 003.07, as alluded to in your letter. "The Commissioner may issue any certificate provided for herein to an applicant who files with the office of the Commissioner evidence of possession of the required qualifications or of education and experience equivalent to the required qualifications." State Board of Education members may use service on the State Board for purposes of renewing administrative or teaching certificates if the Commissioner, in his discretion, determines that such experience meets the requirements of § 003.07.
A grant of equivalency by the Commissioner, when appropriate, appears to conform to the legislative purpose of increased flexibility in the teacher certification process. "It is declared to be the purpose of sections 79-806 to 79-816 to provide more flexibility in the certification of qualified teachers for Nebraska schools and not to increase any requirements for certificates to teach." Neb. Rev. Stat. § 79-806 (1996).
Although not expressly stated in Rule 21, presumably you have the right to appeal a denial by the Commissioner of a certificate under the equivalency provision of § 003.07. Your appeal most likely would be heard by the State Board of Education and would be governed by Title 92 NAC 61 (effective date: Oct. 1, 1997).
 Can a State Board Member's Certificate Be Extended While Serving on the State Board?
You also asked about extending your certificate while serving on the State Board. "Alternately, we would like to know if, due to the constitutional and statutory restrictions on education employment while serving on the State Board, a State Board member's certificate maybe (sic) extended in the amount equal to the time they served on the State Board; or given that while serving on the State Board of Education in a role of administrative oversight of the education system, could the certificate/license be placed in dormant status with certifying period to continue upon cessation of serving on the State Board."
We assume the constitutional and statutory restrictions to which you refer are the following:
 "The members of the State Board of Education shall not be actively engaged in the educational profession. . . ."
Neb. Const. art. VII, § 3.
 "No person shall be eligible to membership on the State Board of Education (1) who is actively engaged in the teaching profession. . . ."
Neb. Rev. Stat. § 79-313 (1996).
We have not found any constitutional, statutory or regulatory language authorizing the extension of a State Board member's certificate in an amount of time equal to the time of the member's service on the State Board. We also did not find any constitutional, statutory or regulatory language authorizing the placement of an education certificate in dormant status while the individual is serving on the State Board with the certifying period to continue upon cessation of service on the State Board.
It is well established that administrative bodies and agencies have only that authority which is specifically conferred upon them by statute or by a construction necessary to achieve the purpose of the relevant act. Jolly v. State, 252 Neb. 289, 562 N.W.2d 61 (1997). Absent any constitutional, statutory or regulatory language authorizing an extension or dormancy status for an education certificate, we do not believe that such certificates can be extended or considered dormant. On the other hand, the State Board's regulatory authority over the certification process appears broad enough to allow it to promulgate regulations providing for such extensions or dormancy periods if it chooses to do so.
 Definition of "Teaching Profession" and "Educational Profession"
You asked for clarification of the terms "educational profession" as used in Neb. Const. art. VII, § 3 and "teaching profession" as used in § 79-313. "Does `educational profession' include just teaching, or any activity in that profession?" "[D]oes `teaching profession' include administration?"
The Nebraska Constitution was amended in 1952 creating the State Board of Education and requiring that members not be actively engaged in the "educational profession." This amendment was proposed by the Legislature in 1951 with the passage of 212, and thereafter approved by a vote of the people. The Education Committee's Statement on LB 212 appears to conclude that the restriction against being actively engaged in the education profession means that State Board of Education members must be lay people. "Members of the Board of Education under the provisions of LB 212 cannot be actively engaged in the education profession, but must be laymen." On the other hand, the bill's introducer, Senator Williams, expected that "outstanding educators" would serve on the State Board. He made the following comment when introducing LB 212 before the Education Committee. "It is more desirable to have the members of the board elected by the people instead of having them appointed by the Governor . . . [I]t will be a better system because they will probably be able to get some of the outstanding educators of the State interested and will receive better results."
In construing constitutional language, we are bound by the cardinal rule that the state constitution must be applied and enforced as it is written. State ex rel. Spire v. Conway, 238 Neb. 766, 472 N.W.2d 403
(1991). "Moreover, constitutional provisions are not open to construction as a matter of course; construction of a constitutional provision is appropriate only when it has been demonstrated that the meaning of the provision is not clear and that construction is necessary." Id. at 774-775, 472 N.W.2d at 408-409; In re Application A-16642, 236 Neb. 671,463 N.W.2d 591 (1990). Finally, if a provision of the constitution must be construed because its meaning is not clear, then "its words are to be interpreted in their most natural and obvious sense, although they should receive a more liberal construction than statutes. . . ." Conway, at 775, 472 N.W.2d at 409; State ex rel. Spire v. Public Emp. Ret. Bd.,226 Neb. 176, 410 N.W.2d 463 (1987).
Shortly after the constitutional amendment requiring that State Board members not be actively engaged in the "educational profession," § 79-313 was adopted prohibiting persons actively engaged in the "teaching profession" from eligibility to membership on the State Board of Education. This statutory prohibition, originally codified as § 79-323, was put into place with the passage of LB 285 in 1953. Statements about LB 285 before the Committee on Education do not include any specific references to qualifications for membership to the State Board. Rather, the statements are of a general nature. When introducing the bill before the Committee on Education, Senator Williams stated that LB 285 was "drafted as a result of a constitutional amendment voted on by the people at the last general election." Senator Williams then introduced Freeman Decker, Superintendent of Public Instruction[4] Decker stated, among other things, that "LB 285 is mostly patterned after the laws of other states. They tried to pick out those things and fit them into the Nebraska situation." Hearing on LB 285 Before the Comm. on Educ., 65th Leg. Sess. 1 (Mar. 24, 1953). The Committee on Education's Statement on LB 285 indicated that the bill would provide for the election of the State Board of Education and for the appointments of the Commissioner of Education and Assistant Commissioner. "This procedure was authorized by the approval of a constitutional amendment in the November, 1952, election." Committee on Educ. Statement for LB 285, 65th Leg. Sess. (Apr. 15, 1953). "In accordance with the constitutional amendment, the committee felt that this bill would authorize the procedures which the people of Nebraska desired. . . ." Id.
Similar to the eligibility requirement of § 79-313 for membership to the State Board of Education, is the eligibility requirement of § 72-201 for membership to the Board of Educational Lands and Funds. Both statutes exclude individuals actively engaged in the "teaching profession" from service on the board. "No person shall be eligible to membership on the [B]oard [of Educational Lands and Funds] who is actively engaged in the teaching profession. . . ." Neb. Rev. Stat. § 72-201(2) (Cum. Supp. 2000).
The definition of "teaching profession" as used in § 72-201 was discussed in an attorney general opinion where we concluded that it includes administrative and supervisory services provided directly to teaching. With no legislative history for § 72-201 upon which to rely, we turned to another statute where the Legislature further defined the term. "Although the legislative history of § 72-201(2) offers no insight regarding the legislative intent in defining the class of persons `engaged in the teaching profession,' we do find that the Legislature has declared the teaching profession to include '. . . related services including administrative and supervisory services.'" Op. Att'y Gen. No. 33 (Feb. 25, 1983) (citing Neb. Rev. Stat. § 79-1280 (1981)).
Section 79-1280, stated in its entirety: "Teaching in public schools in this state and the related services including administrative and supervisory services are hereby declared to be a profession, with all of the rights, responsibilities, and privileges accorded other recognized professions." Neb. Rev. Stat. § 79-1280 (1981).[5] "By reading § 72-201(2) with reference to § 79-1280, it is apparent that persons `engaged in the teaching profession,' as used in § 72-201(2), would include persons engaged in providing services directly to teaching, including administrative and supervisory services." Op. Att'y Gen. No. 33 (Feb. 25, 1983).
In Attorney General Opinion No. 95004, we considered the constitutionality of legislation imposing an additional eligibility requirement to membership on the State Board of Education. The Legislation at issue would prohibit a member of the State Board from concurrently serving as a member of the board of education of any Nebraska school district. We concluded that the Legislature could not, by statute, impose an additional qualification for membership to the State Board of Education. Since Article VII, § 3 requires that State Board members not be actively engaged in the "educational profession," an additional qualification would violate State ex rel. Brazda v. Marsh,141 Neb. 817, 5 N.W.2d 206 (1942).
In Brazda, the court held that "when a state [c]onstitution creates an office and names the qualifications of the incumbent, the legislature has no authority to prescribe additional qualifications or to remove any of the requirements provided for by the [c]onstitution." Id. at 830,5 N.W.2d at 214. "[W]hen a state Constitution creates an office and names the qualifications of the incumbent, the legislature has no authority to prescribe additional qualifications or to remove any of the requirements provided for by the Constitution. . . ." Id. at 830, 5 N.W.2d at 214. The Nebraska Constitution "is not a grant but a restriction on legislative power, and . . . the legislature may legislate upon any subject not inhibited by the Constitution." Swanson v. State, 132 Neb. 82, 90,271 N.W. 264, 269 (1937). See also State ex rel. Quinn v. Marsh,141 Neb. 436, 3 N.W.2d 892 (1942).
It is our conclusion that "teaching profession" and "educational profession" have the same meaning. This conclusion is consistent with the references to the constitutional amendment in the legislative history to § 79-313. The history to § 79-313 indicates that the statute was drafted as a result of the constitutional amendment voted on by the people, and that the procedure set forth in § 79-313 was authorized by the approval of the constitutional amendment. The legislative history to § 79-313 seems to indicate that the authority for enacting the statute was drawn from the constitutional amendment approved a year earlier.
Concluding that "teaching profession" and "educational profession" have the same meaning is also consistent with our conclusion in Op. Att'y Gen. No. 95004 (Jan. 18, 1995) and the Nebraska Supreme Court's holding in State ex rel. Brazda v. Marsh, 141 Neb. 817, 5 N.W.2d 206 (1942). If "teaching profession" has a different meaning than "educational profession," arguably the Legislature is attempting, through § 79-313, to impose an additional eligibility requirement for membership on the State Board of Education. "When a statute is susceptible of twoconstructions, under one of which the statute is valid while under theother of which the statute would be unconstitutional or of doubtfulvalidity, that construction which results in validity is to be adopted."State v. Hookstra, 263 Neb. 116, 124, 638 N.W.2d 829, 836 (2002).
Finally, we conclude that "teaching profession" and "educational profession" include positions in a school setting other than teaching. This conclusion is consistent with our analysis of § 72-201(2) in Op. Att'y Gen. No. 33 (Feb. 25, 1983). Section 72-201(2) states that anyone who is actively engaged in the "teaching profession" is not eligible to membership on the Board of Educational Lands and Funds. Finding that the legislative history to § 72-201(2) was not helpful in determining the class of persons engaged in the "teaching profession," we relied upon the Legislature's declaration in § 79-1280 that "teaching profession" includes administrative and supervisory services. Section 79-1280, now re-codified as 79-859, is worded essentially the same as it was in 1981. "The Legislature declares teaching in public schools in this state and the related services, including administrative and supervisory services, to be a profession, with all of the rights, responsibilities, and privileges accorded other recognized professions." Neb. Rev. Stat. § 79-859 (1996).
Other states have adopted similar definitions of the "teaching profession." See Ortega v. Otero, 154 P.2d 252 (1944) (rural school supervisor found to be a teacher for purposes of statute authorizing a discharged teacher to appeal to State Board of Education where no case law or express statutory definition of "teacher" existed); State ex rel. Board of Education of Williams Dist. V. Martin, 163 S.E. 850 (1932) (district supervisor found to be a teacher and not a public officer within statute relating to removal of appointive officers where another state statute defines "teacher" as teacher, supervisor, principal, superintendent, public school librarian, or any other person regularly employed for instructional purposes); Downey v. School Comm. of Lowell,25 N.E.2d 738 (1940) (principal is a teacher entrusted with special duties of direction or management and therefore tenure statute not violated where school committee has power to change duties of teachers); State ex rel. Frank v. Meigs County Bd of Educ., 44 N.E.2d 455 (1942) (assistant county superintendent of schools fell within definition of teacher for purposes of the teacher tenure act).
Based on the above analysis, "educational profession" as used in Neb. Const. art. VII, § 3 and "teaching profession" as used in §79-313 have the same meaning and that definition includes not only teaching but also services related to teaching, such as administrative and supervisory services.
 Renewing Certificate Based on State Board Experience
You state in your letter that you recognize that the Commissioner has the ability to renew a certificate based on a § 003.07 equivalency determination, and that the State Board has the authority to provide in regulation that State Board service counts for renewal purposes. You then asked the following question. "However, in the absence of either of the above approaches, may a State Board member renew their certificate because the administrative policy setting, grant authorizing, and budget setting role of the Board member is equivalent to the role of administrators employed in districts?"
Our response to your question is "no." No statutory, regulatory or constitutional procedure exists which would authorize the Department of Education to renew a State Board member's certificate based on their State Board experience. To use State Board experience for purposes of renewing your certificate, you must either obtain a § 003.07 equivalency from the Commissioner or the State Board must amend its regulations explicitly stating that State Board service counts for purposes of renewing an education certificate.
 Ability of Commissioner to Extend a State Board Member's Certificate
The last question in your letter is the following. "Would the Commissioner have the ability to unilaterally, in the absence of a specific provision in the rule, extend the length of time of an expired State Board member's certificate equal to the length of service on the State Board?"
No. The Commissioner only has that authority which is specifically conferred upon him by state statute or appropriately delegated to him by the State Board through the adoption of Department regulation and neither of these sources have granted such authority to him.
 Conclusion
In the absence of a legislative change, one of two things must happen to use your experience on the State Board for purposes of renewing your teaching or administrative certificate. You must either obtain a § 003.07 equivalency from the Commissioner or the State Board must amend its regulations explicitly stating that State Board service counts for purposes of renewing an education certificate.
A grant of equivalency by the Commissioner, when appropriate, appears to conform to the legislative purpose of increased flexibility in the teacher certification process as stated in Neb. Rev. Stat. §79-806.
"Educational profession" as used in Neb. Const. art. VII, § 3
and "teaching profession" as used in § 79-313 have the same meaning, which includes not only teaching but also services related to teaching, such as administrative and supervisory services.
Without specific statutory or regulatory authority, the Commissioner does not have the ability to unilaterally extend the length of time of an expired State Board member's certificate equal to the length of service on the State Board.
Sincerely,
 DON STENBERG Attorney General
 Charlotte R. Koranda Assistant Attorney General
Approved by:
________________________ Attorney General
[1] "Nebraska school system" is defined in § 002.16 of Rule 21 to include various educational institutions accredited or approved by the Department of Education.
[2] "Standard institution of higher education" is defined at § 002.18 of Rule 21 as a four year college or university whose teacher education program is approved by the Board or a comparable agency in another state.
[3] "Teaching" is defined in § 002.19 of Rule 21 as including, but not limited to, organization and management of the classroom, assessment and diagnosis of student educational needs, responsibility for student learning experiences, selection of teaching methods, materials and equipment, and evaluation and reporting of student progress.
[4] The amendment to the Nebraska Constitution which created the State Board of Education also replaced the position of Superintendent of Public Instruction with the position of Commissioner of Education.
[5] Section 79-1280, now re-codified as 79-859, is still essentially worded the same as it was in 1981. "The Legislature declares teaching in public schools in this state and the related services, including administrative and supervisory services, to be a profession, with all of the rights, responsibilities, and privileges accorded other recognized professions." Neb. Rev. Stat. § 79-859 (1996).