REQUESTED BY: Kathryn Piller, State Board of Education Member
You have requested our opinion on a matter concerning an employment contract with the Commissioner of Education. Your letter states: "I am requesting a legal opinion regarding if the Nebraska State Board of Education can enter into a three-year contract of employment with the Commissioner of Education when considering the fact that half of the board is reelected every two years. It appears entering into a three year contract would bind future State Boards of Education."
You don't point out in your request which constitutional provision you think creates an impediment preventing the State Board of Education ("State Board") from entering into a three year contract with the Commissioner of Education ("Commissioner"). Your concern about entering into a contract which would bind a future State Board is similar to the issue of a Nebraska Legislature attempting to bind future legislatures. This issue was first addressed by the Nebraska Supreme Court in State ex rel. Stenberg v. Moore, 249 Neb. 589, 544 N.W.2d 344 (1996).
 One Legislature Cannot Bind a Succeeding Legislature
In Stenberg, the Nebraska Legislature enacted LB 507 which imposed requirements on all future legislatures when enacting certain types of legislation. Specifically, LB 507 stated that legislation projected to increase inmate population in state correctional facilities must include an estimate of the operating costs resulting from such increased population. It also required the legislature to appropriate sufficient funds to cover the increased costs. LB 507 declared that any such legislation which did not contain the required estimates would be null and void.
The Nebraska Supreme Court held that LB 507 was an unconstitutional attempt by one legislature to bind a succeeding legislature from its constitutional power to legislate. "The Legislature has plenary legislative authority except as limited by the state and federal Constitutions . . . The Nebraska Constitution is not a grant, but, rather, is a restriction on legislative power, and the Legislature may legislate upon any subject not inhibited by the Constitution . . . Therefore, absent a constitutional restriction on the legislative power, one legislature cannot restrict or limit the right of a succeeding legislature to exercise the power of legislation." Stenberg at 595,544 N.W.2d at 349.
"Because the Legislature may legislate upon any subject not inhibited by the Constitution, if this court were called upon to enforce the provisions of LB 507 against legislation enacted by a subsequent legislature, we would not have the authority to do so. The state Constitution is not a grant, but a restriction of legislative power. Consequently, courts can enforce only those limitations which the Constitution imposes . . . Unless restricted by some provision of the state or federal Constitution, the Legislature may enact laws and appropriate funds for the accomplishment of any public purpose . . . LB 507 violates Neb. Const. art. III, §§ 1,[1] 13,[2] and 14,[3] by attempting to restrict the constitutional power of a succeeding legislature to legislate." Id.
We did not find a constitutional provision governing the State Board that is similar to the power possessed by the Legislature which prevents one legislature from limiting a future legislature's right to legislate. Thus, this concept applicable to the Legislature isn't applicable to the State Board.
 State Government Has the Right to Make Contracts
State government has the authority to enter into contractual agreements as necessary to conduct state business on behalf of the people. "Nebraska recognizes that the Legislature has vast authority, limited only by the state and federal Constitutions . . . Such authority extends to and includes a state's right to enter contracts." State ex rel. Creighton Univ. v. Smith, 217 Neb. 682, 688, 353 N.W.2d 267, 271
(1984). "Consequently, unless there is some constitutional provision to the contrary, the collective people, calling themselves the state, have the right to make contracts through their government acting pursuant to representatives of authority. Courts can recognize and enforce only those limitations or restrictions constitutionally imposed." Id.
 The State Board Has Statutory Authority to Enter into a Three Year Contract With the Commissioner
The State Board possesses constitutional and statutory authority to appoint a Commissioner of Education. "The State Board of Education shall appoint and fix the compensation of the Commissioner of Education. . . ." Neb. Const. art. VII, § 4. State statute authorizes the State Board to appoint, and contract with, a Commissioner of Education for a three year period. "[The State Board] shall then consider the appointment of and contracting for a Commissioner of Education whose appointment may be for a period of three years." Neb. Rev. Stat. § 79-315 (1996).
The existence of § 79-315 lends support to the position that no constitutional impediments exist which would prevent the State Board from appointing and contracting with a Commissioner for a three year period because statutes are presumed to be constitutional.
 Statutes are afforded a presumption of constitutionality, and the unconstitutionality of a statute must be clearly established before it will be declared void . . . Even when a law is constitutionally suspect, a court will attempt to interpret that law in a manner such that it is consistent with the constitution . . . The burden of establishing the unconstitutionality of a statute is on the one attacking the statute's validity."
Dykes v. Scotts Bluff County Ag. Society, 260 Neb. 375, 380,617 N.W.2d 817, 821 (2000).
"A statute is presumed to be constitutional, and all reasonable doubts will be resolved in favor of its constitutionality. . . ." State v. Hookstra, 10 Neb. App. 199, 206, 630 N.W.2d 469, 476 (2001), aff'd,263 Neb. 116, 638 N.W.2d 829 (2002). "When a statute is susceptible of two constructions, under one of which the statute is valid while under the other of which the statute would be unconstitutional or of doubtful validity, that construction which results in validity is to be adopted." State v. Hookstra, 263 Neb. 116, 124, 638 N.W.2d 829, 836 (2002).
 Contracts are Subject to Appropriations.
Based on the above analysis, we conclude that the State Board of Education can enter into a three-year contract with the Commissioner of Education. The contract, however, is subject to the debt limitation provision in the Nebraska Constitution. Article XIII, § 1 of the Nebraska Constitution states, in relevant part, that the "state may, to meet casual deficits, or failures in the revenue, contract debts never to exceed in the aggregate one hundred thousand dollars. . . ."
That portion of a three year employment contract for which funds were appropriated does not violate the constitutional debt limitation. "The general rule is that an obligation for which an appropriation is made at the time of its creation from funds already in existence, or for which definite provision has been made, is not within the operation of a limitation of indebtedness provision." State v. Thone, 204 Neb. 836,850, 286 N.W.2d 249, 256 (1979).
A contract that continues beyond the State's two year appropriation period does not violate the constitutional debt limitation where the State is not bound to a financial obligation beyond the two year appropriation period. "In Ruge v. State, Supra, the court held constitutional the principal parts of a financing plan for the acquisition of a state office building in Omaha, to be built by the city and financed in part through means of a lease by the city to the state. In that case, the lease was cancelable at the will of the Legislature, and the act expressly provided the state had no binding obligation beyond the current year's rent." Thone at 847-48, 286 N.W.2d at 255.
Under a three year employment contract between the State Board and the Commissioner, however, the State makes a financial commitment for the entire three year period. The State is agreeing to pay the Commissioner's salary and other monetary sums when, for at least one year of the contract period, no money has been appropriated for such purpose. "One purpose of the constitutional limitation upon state indebtedness is to prevent the anticipation of revenue by the creation of obligations to be paid from revenue to be received in future fiscal periods. Obligations which are to be paid from revenue subject to appropriation by future Legislatures are subject to the state debt limitation provision." State v. Steen, 183 Neb. 297, 300, 160 N.W.2d 164, 167 (1968).
 Conclusion
We can find no legal impediment which would prevent the State Board of Education from entering into a three year employment contract with the Commissioner of Education even though a future State Board would be bound by the contract terms. The three year employment contract is, however, subject to the debt limitation of Article XIII, § 1 of the Nebraska Constitution.
Sincerely,
 DON STENBERG Attorney General
 Charlotte R. Koranda Assistant Attorney General
Approved:
____________________________ Attorney General
[1] Neb. Const. art. III, § 1 states, in relevant part: "[T]he legislative authority of the state shall be vested in a Legislature consisting of one chamber. The people reserve for themselves, however, the power to propose laws, and amendments to the constitution, and to enact or reject the same at the polls, independent of the Legislature. . . ."
[2] Neb. Const. art. III, § 13 states, in relevant part: "No bill shall be passed by the Legislature unless by the assent of a majority of all members elected. . . ."
[3] Neb. Const. art. III, § 14 states, in relevant part: "No bill shall contain more than one subject . . . No law shall be amended unless the new act contains the section or sections as amended and the section or sections so amended shall be repealed."